## SPRIGGS v. McCARTY.

No. 7929—Opinion Filed Dec. 19, 1916.

(161 Pac. 1073.)

(Syllabus by the Court.)

**Master and Servant—New Trial—Action for Services — Instructions — Newly Discovered Evidence—Right to New Trial.**

Record examined, and held: (1) That the instructions given to the jury by the trial court fully and fairly state the law applicable to the issues joined by the pleadings and the evidence; (2) that the trial court did not err in overruling defendant's motion for a new trial, based upon newly discovered evidence.

Error from County Court, Oklahoma County; William H. Zwick, Judge.

Action by Dan McCarty against A. R. Spriggs. There was a judgment for plaintiff, and defendant brings error. Affirmed.

J. Q. A. Herrod and W. A. Staley, for plaintiff in error.

Chas. H. Ruth, for defendant in error.

KANE, C. J. This was an action, commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, to recover an amount alleged to be due him for services as manager of a rooming house in Oklahoma City, covering the period of time from the 3d or 4th day of June to the 27th day of November, 1911. The cause was originally tried before a justice of the peace, where judgment was rendered in favor of the plaintiff for the amount prayed for. Hereafter the parties will be designated as "plaintiff" and "defendant," respectively, as in the court below. Thereafter the defendant appealed to the county court, where a trial de novo was had before a jury which also resulted in a verdict in favor of the plaintiff for the amount prayed for in his bill of particulars, upon which judgment was duly rendered, whereupon the defendant filed his proceeding in error to review the action of the county court.

The grounds for reversal which counsel for defendant rely upon for reversal in their brief are stated as follows: (1) The court erred in the instruction given as shown by this assignment and in refusing to instruct the jury on defendant's theory of the case; (2) the court erred in overruling the defendant's motion for new trial on the ground of newly discovered evidence.

Plaintiff and defendant were the only witnesses who testified in the case. The testimony of the plaintiff was to the effect that the defendant employed him to manage a rooming house at No. 116 West Reno street, Oklahoma City, and agreed to pay $1 per day for his services, allow him 50 cents per day for meals, and furnish his lodging; that under this oral agreement plaintiff worked for defendant for 26 weeks; that during this time he drew 50 cents per day for his meals, and lodged at the rooming house; that he made a written itemized statement of receipts and disbursements, and delivered the same to the defendant, deducting the amount allowed for meals and all actual expenses; that the defendant was to pay the $1 per day as soon as he sold the property; that defendant, prior to the commencement of the action, had sold the property and failed to pay the plaintiff the $1 a day, as agreed upon. The defendant testified, in effect, that he employed plaintiff on June 4, 1911, to run a rooming house at No. 116 West Reno street, Oklahoma City; that he told him he wanted to keep the place open, as he wanted to sell the same; that subsequently he sold his real property, as well as the personal property in the rooming house; that the plaintiff worked until November 27, 1911. a period of 26 weeks; that the plaintiff furnished the defendant with an itemized statement each week for 26 weeks, with all expenditures in one column and all receipts in another column; that the balance of the receipts he always turned over to the defendant; that the defendant never preserved any of these statements; that the plaintiff always deducted his $1 per day, and the receipts showed the same; and that he therefore does not owe the plaintiff anything. This testimony was submitted first to the justice of the peace, and subsequently to a jury in the county court, with the result hereinbefore stated, and it is scarcely possible to conceive how prejudicial error could be committed in the judicial settlement of the very simple issues involved.

As we have seen, all the grounds for reversal relied upon belong to the class described in section 6005, ev. Laws 1910. for the commission of which no judgment shall be set aside or new trial granted by any appellate court of this state, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right. It is sufficient to say of the errors presented that, after an examination of the entire record, it does not appear that the errors complained of—if errors at all—have probably resulted in a miscarriage of justice, or that they constitute a substantial violation of any constitutional or statutory right of the defendant. On the contrary, we are entirely satisfied that complete justice has been done between

the parties in the two trials had below, and that the county court did not abuse its discretion in denying the defendant a new trial on the ground of newly discovered evidence.

For the reasons stated, the judgment of the court below is affirmed.

All the Justices concur.